WATTERS ET AL., APPELLEES, v. DAIRYLAND INSURANCE COMPANY, APPELLANT.

[Cite as Watters v. Insurance Co. (1976), 50 Ohio App. 2d 106.]

(No. 7887—Decided January 14, 1976.)

*Mr. Stanley P. Aronson,* for appellees.
*Mr. William D. Wendell,* for appellant.

MAHONEY, J. This is an appeal from a judgment of the Court of Common Pleas that the following provision in defendant's auto insurance policy is void as against public policy.

"The term 'uninsured automobile' shall not include * * * an automobile which is owned by the United States of America, Canada, or a state, or a political subdivision of any such government or an agency of any of the foregoing * * *."

We affirm the trial court's judgment.

The plaintiff, Jack Watters, a resident of Ohio, purchased auto insurance from the defendant company, which was authorized to do business in Ohio. Plaintiff's auto was involved in a collision in Savannah, Georgia, with a city of

Savannah sanitation department truck. The truck was uninsured and driven by a city employee.

The sole issue before this court is whether the trial court erred in finding the policy provision void as against public policy.

The defendant insurer argues that the exclusion of governmentally owned vehicles does not, in any way, affect plaintiff's ability to recover damages for his injuries. It says first, if the government unit involved invokes the doctrine of sovereign immunity, all the insurance in the world would make no difference, since the plaintiff would not be "legally entitled" to recover within the meaning of R. C. 3739.18. Second, where, as here, there is a statutory authority for a waiver of sovereign immunity, the plaintiff does not need insurance since he can look to the resources of the city for payment.

We reject the defendant's arguments. As to the first, it fails to consider that the city's only liability would arise by virtue of the doctrine of respondeat superior and this would still leave plaintiff with an uninsured operator to sue. The second ignores that part of R. C. 3937.18 which states: "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured* motor vehicles * * *." (Emphasis added). It does not mention owners or operators who are also uncollectable or who cannot respond in damages.

The defendant further argues that the limitation here involved is a reasonable one and is a matter of contract under the theory of *Globe American Cas. Co.* v. *Goodman* (1974), 41 Ohio App. 2d 231. We cannot accept that analogy. The Goodman case deals with contractually limiting the insured's right to sue the carrier on the uninsured motorist coverage to one year. It does not, in any way, affect the scope, amount, or creation of the fund under R. C. 3937.18. That case is clearly distinguishable.

Our Supreme Court said in *Barlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50, 52, 53:

"The basic purpose of R. C. 3937.18 is clear. It 'is designed to protect persons injured in automobile accidents

from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.' *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 165, 258 N. E. 2d 429; *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566; see also, Note 1, 20 Cleve. L. Rev. 10 (1971). In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policy holder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance. * * *

"As suggested by *Abate* and *Curran, supra,* R. C. 3937.18, *ab initio,* enunciated a public policy in this state. Private parties are without power to insert enforceable provisions in their contracts of insurance which would restrict coverage in a manner contrary to the intent of the statute."

We find that this provision in the Dairyland policy restricts the amount and scope of coverage contrary to the intent of R. C. 3937.18. We hold that it is repugnant to the law of Ohio and, therefore, is void and unenforceable as a matter of public policy. We affirm the trial court's judgment.

*Judgment affirmed.*

VICTOR, P. J., and BRENNEMAN, J., concur.