PARRISH, Appellee,

v.

MID–AMERICAN FIRE AND CASUALTY COMPANY, Appellant.

[Cite as *Parrish v. Mid–American Fire & Cas. Co.* (1989), 63 Ohio App.3d 1.]

Court of Appeals of Ohio,
Hardin County.

No. 6–87–11.

Decided May 12, 1989.

*Meredith, Meredith, Tait & Basinger* and *James E. Meredith,* for appellant.

**2**

*Gooding, Huffman & Kelley* and *Lawrence A. Huffman,* for appellee.

---

THOMAS F. BRYANT, Judge.

This is an appeal by the defendant, Mid–American Fire and Casualty Company, from a judgment of the Court of Common Pleas of Hardin County.

On February 14, 1984, a truck owned by the village of Ada and driven by Charles L. Clemons, a county general relief worker on loan to the village, crashed into the home of plaintiff, Bessie P. Parrish, causing injury to Lloyd W. Parrish.

The truck was insured under a policy issued by West American Insurance Company for loss or damage caused by the acts of its agents or employees. Coverage was denied by that insurer because Charles L. Clemons was driving the truck at the time of the collision without the express permission of the village or its agents and therefore was not an insured under the terms of its policy. Clemons was not individually insured and therefore was an uninsured motorist.

Plaintiff then submitted a claim under the uninsured motorist provision of her policy issued by defendant. Her claim was denied by defendant which asserted that the terms of its policy defined the term "uninsured motor vehicle" to expressly exclude a government-owned vehicle.

Plaintiff's complaint seeking declaratory judgment was filed March 3, 1987. The trial court declared defendant's policy provision by which a government vehicle is excluded from the definition of "uninsured motor vehicle" to be void as a matter of public policy as applied to the facts before it.

It is from this judgment that the defendant now appeals, asserting a single assignment of error which is:

"It was error for the trial court to hold the clear and unambiguous policy provisions of an uninsured motor vehicle policy defining an uninsured motor vehicle as one not including a vehicle owned by a governmental unit or agency as void."

The insurer asserts that the village-owned truck is not an uninsured motor vehicle under the policy because government vehicles are specifically excluded by definition. The insurer also asserts that because the definition excluding government vehicles is clear and unambiguous, that provision should be enforced as a matter of contract law.

This same issue and argument was presented in *Watters v. Dairyland Ins. Co.* (1976), 50 Ohio App.2d 106, 4 O.O.3d 68, 361 N.E.2d 1068. The Court of

Appeals for the Second District held at 108, 4 O.O.3d at 70, 361 N.E.2d at 1070:

"We find that this provision in the Dairyland policy restricts the amount and scope of coverage contrary to the intent of R.C. 3937.18. We hold that it is repugnant to the law of Ohio and, therefore, is void and unenforceable as a matter of public policy. * * *"

R.C. 3937.18(A)(1) states in part:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, *for the protection of persons insured thereunder who are legally entitled to recover damages from* owners or *operators* of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom[.]" (Emphasis added.)

This statute specifically states that its purpose is to protect insured persons from losses caused by operators of uninsured vehicles.

In *Bartlett v. Nationwide Mut. Ins. Co.* (1973), 33 Ohio St.2d 50, 52, 62 O.O.2d 406, 408, 294 N.E.2d 665, 666, the Ohio Supreme Court, interpreting R.C. 3937.18, announced:

"[T]he legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance."

It is, therefore, relevant only that no automobile liability insurance policy, in the circumstances, includes Clemons as an insured within its coverage for purposes of satisfying plaintiff's claim, regardless of the ownership of the vehicle.

The statute is protecting against a risk which is not based upon the vehicle driven.

Rather, it is protecting against a loss to an insured by a tortfeasor who is at fault but has no liability insurance to compensate the injured party who is insured. *Ady v. West American Ins. Co.* (1982), 69 Ohio St.2d 593, 596, 23 O.O.3d 495, 497, 433 N.E.2d 547, 552, and *Auto–Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St.3d 156, 158, 10 OBR 490, 492, 462 N.E.2d 396, 399; *Curran v. State Auto. Ins. Co.* (1971), 25 Ohio St.2d 33, 38, 54 O.O.2d 166, 168–169, 266 N.E.2d 566, 568–569.

Recently, the uninsured motorist statute was again examined by the Supreme Court in *Watson v. Grange Mut. Ins. Co.* (1988), 40 Ohio St.3d 195, 532 N.E.2d 758. The court, continuing to apply the analysis that the statute was designed to protect against the negligence of individuals, not machines, stated at 197, 532 N.E.2d at 760:

" * * * The coverage's clear focus is on the operator, not the vehicle. It is axiomatic that drivers cause accidents, not inanimate vehicles. The purpose of the uninsured motorist statute is not to provide coverage for an uninsured vehicle but rather to afford the insured additional protection in the event of an accident. This form of coverage protects against losses caused by a limited group of tortfeasors. [Citations omitted]."

It is apparent that exclusion of government-owned vehicles from the policy definitions of "uninsured vehicle" is at odds with the statutory purpose of R.C. 3937.18 by curtailing the insurance coverage required to be afforded by that statute.

An insurer cannot issue policies that offer less than is mandated by statute. Although an insurer may expressly contract to exclude coverage of a specific occurrence or person, it cannot do so by defining statutory language in a manner contrary to the plain purpose of the statute.

Therefore, the trial court was correct in finding the government vehicle exclusion void and unenforceable as contrary to statutory policy. The assignment of error is overruled.

*Judgment affirmed.*

MILLER and SHAW, JJ., concur.