66368. RABUN v. WILLIAMS et al.

McMurray, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Plaintiff's original complaint named the following as defendants: Williams, the operator of the taxi which was the other vehicle in the collision, and Diamond Cab, Inc. (Diamond Cab), the employer of defendant Williams. Additional defendants added by amendment to plaintiff's complaint are Byrd, president (at the time of the collision) of defendant Diamond Cab, and Rapid Taxi Company, Inc. (Rapid Taxi), the insurer of the taxi, operated by defendant Williams, under a self-insurance plan. Also served with a copy of the complaint was Aetna Casualty and Surety Company

(Aetna), plaintiff's uninsured motorist carrier.

Following discovery, Aetna filed its motion for summary judgment predicated upon the contention that the taxi with which plaintiff had collided was not an uninsured motor vehicle. Aetna's motion for summary judgment was granted, and plaintiff appeals. *Held:*

1. The collision having occurred on August 22, 1978, the applicable version of former Code Ann. § 56-407.1 (Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416; 1971, pp. 926, 927; 1972, pp. 882, 883; 1973, p. 487; 1975, p. 1221; 1976, pp. 1195, 1196) is somewhat different from that currently set forth in OCGA § 33-7-11. Neither the 1978 amendment (Ga. L. 1978, pp. 1895, 1896) which was effective January 1, 1979, nor the 1980 amendment (Ga. L. 1980, p. 1428) of this former Code section is applicable to the case sub judice.

On the date in question former Code Ann. § 56-407.1 (a), supra, required, in the absence of written rejection of coverage, that any motor vehicle liability policy issued or delivered in this state provide uninsured motorist coverage of no less than "$10,000 because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, $20,000 because of bodily injury to or death of two or more persons in any one accident, and $5,000 because of injury to or destruction of property of the insured." Former Code Ann. § 56-407.1 (b), supra, defined " 'uninsured motor vehicle' " as "a motor vehicle other than a motor vehicle owned by or furnished for the regular use of the named insured, [his or her] spouse . . ., and while residents of the same household, the relatives of either, as to which there is (i) no bodily injury liability insurance and property damage liability insurance or as to which there is bodily injury liability insurance and property damage liability insurance with limits less than the amounts specified in subsection (a) of this section, but it will be considered uninsured only for that amount between the limit carried and the limit required in subsection (a) of this section, or (ii) there is such insurance in existence but the insurance company writing the same has legally denied coverage thereunder, or is unable, because of being insolvent, to make payment with respect to the legal liability of its insured within the limits specified in subsection (a) of this section, or (iii) there is no bond or deposit of cash or securities in lieu of such bodily injury and property damage liability insurance."

The record contains an agreement between defendant Diamond Cab and defendant Rapid Taxi which requires that the legal ownership of cabs owned by Diamond Cab be transferred to Rapid Taxi and the same leased back to Diamond Cab in order to permit

Diamond to avail itself and Rapid Taxi's self-insurance plan. Defendant Rapid Taxi in response to requests for admissions from Aetna admitted that at the time of the motor vehicle collision in question the vehicle operated by defendant Williams was self-insured by defendant Rapid Taxi in amounts consistent with the above quoted language of former Code Ann. § 56-407.1 (a), supra. No further discovery was had with reference to the "approved plan of self-insurance" on file with the Commissioner of Public Safety or as to whether any certificate issued in conformity with law is in good standing. See former Code Ann. § 56-3402b (12) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203) (now OCGA § 33-34-2 (12)); and former Code Ann. § 68C-602 (Ga. L. 1977, pp. 1014, 1030) (now OCGA § 40-9-101). Plaintiff should have sought further discovery to determine the exact status of the self-insurance plan. Consequently, the vehicle operated by defendant Williams at the time of collision was not an uninsured motor vehicle.

Plaintiff contends the grant of summary judgment to Aetna was error "since the record fails to establish that each and every one of the Defendants has liability coverage." We note that the issue is whether the motor vehicle involved in the collision with plaintiff was an "uninsured motor vehicle." Whether any legal entities such as defendants Williams, Diamond Cab and Byrd are covered by liability insurance is irrelevant.

Defendant Byrd gave testimony in a deposition that the cab in question was owned by Diamond Cab or himself. Although he was uncertain whether his accountant treated the cab in question as his or as Diamond Cab's for tax purposes he clearly considered there to be no distinction as he viewed himself and Diamond Cab as one and the same. It appears that Byrd's references to ownership are to equitable title as opposed to registered title as he also states that the cab was insured under Rapid Taxi's self-insurer plan. To be covered under Rapid Taxi's self-insurer plan the registered title must have been with Rapid Taxi in order to be consistent with the provisions of former Code Ann. § 68C-602, supra, (now OCGA § 40-9-101). Such would also be consistent with Rapid Taxi's agreement with Diamond Cab. See in this regard *Atlanta Metro Taxicab Group v. Bekele,* 154 Ga. App. 831 (269 SE2d 902).

2. Plaintiff's second enumeration of error contends that summary judgment was improper because the record fails to establish the limits of plaintiff's uninsured motorist coverage. This contention is predicated upon language contained in OCGA § 33-7-11 (b) (1) (D) (ii) (formerly Code Ann. § 56-407.1 (b) (1) (D) (iii)). The language plaintiff relies upon is contained in the 1980 amendment to the statute (see Ga. L. 1980, p. 1428) and is inapplicable to the case

sub judice. At the time in question there was no provision for optional higher uninsured motorist coverage as now provided in OCGA § 33-7-11 (a) (3) (formerly Code Ann. § 56-407.1 (a) (3) as amended by Ga. L. 1978, pp. 1895, 1896, effective January 1, 1979), and the required level of uninsured motorist coverage was specified in the applicable version of former Code Ann. § 56-407.1 (b) by reference to former Code Ann. § 56-407.1 (a).

3. Plaintiff's third and fourth enumeration of error contend the trial court erred in granting Aetna's motion for summary judgment since Rapid Taxi may deny coverage to the individual defendant Williams or may become insolvent. Although the applicable version of former Code Ann. § 56-407.1 (b), prior to the 1978 amendment, (now OCGA § 33-7-11 (b) (1) (D) (iii, iv)), provides that a motor vehicle be considered uninsured where there is the required insurance in existence but the insurance company writing same "has legally denied coverage thereunder, or is unable, because of being insolvent, to make payments with respect to the legal liability of its insured within the limits specified," the record does not suggest that either of these circumstances has occurred. We find no authority in the statute to indulge in the speculation advocated by plaintiff. The application of this statutory provision will become relevant only upon the actual occurrence of one of these events. See *Hemphill v. Home Ins. Co.,* 121 Ga. App. 323, 334-337 (5) (174 SE2d 251).

4. Plaintiff's final enumeration of error contends that the trial court erred in failing to consider the deposition of defendant Byrd which was sealed at the time of the trial court's order granting Aetna's motion for summary judgment. Even if we assume that the trial court erred in failing to open this deposition prior to granting summary judgment, we find nothing in the deposition which raises a genuine issue of material fact. Any error in this respect was harmless. *Miller Grading Contractors v. Ga. Fed. Savings &c. Assn.,* 247 Ga. 730, 734 (3) (279 SE2d 442).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 21, 1983 —
REHEARING DENIED OCTOBER 18, 1983 — 

*Ronald L. Hilley,* for appellant.
*Sidney L. Moore, Jr., Tommy T. Holland, Charles J. Driebe, Jr.,* for appellees.