JENNINGS, Appellee,

v.

CITY OF DAYTON et al.; American States Insurance Company, Appellant. ▮

[Cite as *Jennings v. Dayton* (1996), 114 Ohio App.3d 144.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15670.

Decided Sept. 27, 1996.

*Robert M. O'Neal*, for appellee.

*Patrick J. Bonfield* and *John J. Danish*, for defendant city of Dayton.

*Jenks, Surdyk & Cowdrey Co., L.P.A.*, and *Robert F. Cowdrey*, for appellant.

---

FREDERICK N. YOUNG, Judge.

The facts in this case are not in controversy. On February 25, 1993, the plaintiff-appellee, Audrey Jennings, was employed as a school bus driver by the Dayton City Board of Education. While operating a board of education school bus in the course of her employment, Jennings was involved in an accident with a motor vehicle owned by the city of Dayton and driven by a city employee. Jennings has alleged that the accident was caused by the negligence of the city employee, Gerald L. Humston.

At the time of the accident, the city was not covered by a motor vehicle liability insurance policy. Rather, the city was "self-insured" under the provisions of R.C. 2744.08(A)(2)(a). The Dayton City Board of Education, on the other hand, carried an automobile liability insurance policy provided by American States Insurance Company ("American States"). Pursuant to a state statute, R.C. 3937.18, American States offered its customers uninsured motorist coverage. The Dayton City Board of Education accepted and paid for American States' uninsured motorist policy. While American States' policy covers board of education employees in cases where they are injured by uninsured motorists, the policy includes the following limitations on its coverage:

" 'uninsured motor vehicle' does not include any vehicle:

"a. owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;

"b. owned by a governmental unit or agency. * * * "

On February 23, 1995, Jennings filed a complaint naming Gerald L. Humston, American States, and the city as defendants. The complaint alleged negligence against Humston and the city, and requested damages. With respect to her claim against American States, Jennings sought equitable relief in the form of a declaratory judgment pronouncing that, *inter alia*, the city was an "uninsured motorist" within the meaning of R.C. 3937.18, and that Jennings was entitled to benefits under the American States policy.

On April 19, 1995, Jennings dismissed her claim against Humston, pursuant to Civ.R. 41(A)(1)(a). The remaining parties, plaintiff Jennings and defendants American States and the city, all stipulated that at the time of the accident, the city was not covered by motor vehicle liability insurance, the city was self-insured for Jennings's claims, the American States policy was in effect, and the school bus involved was owned by the board of education.

On October 10, 1995, defendant American States filed a motion for summary judgment. The Common Pleas Court of Montgomery County, Judge James J. Gilvary presiding, overruled the motion for summary judgment, and held that (1) Jennings was entitled to coverage under the American States policy, (2) the city was an "uninsured" party under the policy, (3) the policy's exclusion of "self-insurers" from coverage was void and unenforceable, and (4) Jennings's recovery could not be reduced by worker's compensation benefits.

Appellant American States brings two assignments of error. First, American States asserts that the trial court incorrectly decided that a "self-insured" entity is necessarily an "uninsured" entity for purposes of the uninsured motorist statute. Second, American States argues that the court erred by finding the policy's definition of "uninsured motor vehicle" to be void and unenforceable. The principal question presented by both of these alleged errors is whether a motor vehicle that is self-insured by a political subdivision is, as a matter of law, an "uninsured motor vehicle" for purposes of Ohio's uninsured motorist statute, R.C. 3937.18.

First Assignment of Error

■ "The trial court erred in its determination that a motor vehicle which is 'self-insured' is an 'uninsured motor vehicle' pursuant to R.C. 3937.18."

Appellant contends that the trial court's ruling in this case is inconsistent with the purpose of Ohio's uninsured motorist statute and is contrary to the development of law in other states concerning uninsured motorist coverage. Additionally, appellant argues that the lower court ruling is manifestly unfair because R.C. 2744.05(B), which grants political subdivisions immunity from suits brought pursuant to subrogation provisions in insurance contracts, denies American States any right of recoupment against the city.

While appellee Jennings asserts that "the weight of authority" supports her position that to be self-insured is to be uninsured for purposes of uninsured motorist coverage, this is a case of first impression in this court. Despite a general lacuna of case law directly on point, we find some guidance in the Supreme Court of Ohio and other Ohio courts' treatment of related "self-insurance" issues.

As Jennings correctly observes, the Supreme Court of Ohio has stated that "[t]he uninsured motorists provisions of R.C. 3937.18 do not apply to * * * self-insurers." *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp.* (1986), 21 Ohio St.3d 47, 21 OBR 331, 487 N.E.2d 310, paragraph one of the syllabus. Despite the court's broad language, however, the issue in *Grange* was solely whether self-insurers are required to provide uninsured motorist coverage for the protection of their drivers. *Id.* at 50, 21 OBR at 334–335, 487 N.E.2d at 313–314. The court did hold that self-insurers are not insurers for purposes of that requirement. However, nothing in the *Grange* opinion suggests that the court determined that self-insurers may never be treated as insured for any purpose related to the statute, and, even if it had, such a determination was certainly unnecessary to the issue presented in that case. While to the extent that the court's language may appear to support appellee's assertion that self-insurance is "uninsurance" *per se*, it is dictum, we interpret the decision as creating a mild presumption that self-insurance should not be construed as insurance for purposes of other provisions of R.C. 3937.18. See, *e.g., Robinson v. Yellow Cab Co.* (1986), 33 Ohio App.3d 72, 514 N.E.2d 450.

Furthermore, recent precedents reveal a strong policy trend toward expanding the coverage provided under the rubric of "uninsured motorist insurance." The Supreme Court of Ohio has read the statute broadly to encompass a variety of vehicles, injured persons, circumstances, and causes of action in order to effectuate the statute's purpose of protecting injured persons with legal causes of action against uninsured motorists. See, *e.g., Lance v. Aetna Cas. & Sur. Co.* (1994), 70 Ohio St.3d 487, 639 N.E.2d 445; *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438; *Henderson v. Lincoln Natl. Speciality Ins. Co.* (1994), 68 Ohio St.3d 303, 626 N.E.2d 657; *Horsely v. United Ohio Ins. Co.* (1991), 58 Ohio St.3d 44, 567 N.E.2d 1004; *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380; *Sexton v. State Farm Mut. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555; *Metro. Prop. & Liab. Ins. Co. v. Kott* (1980), 62 Ohio St.2d 114, 16 O.O.3d 139, 403 N.E.2d 985. While certainly not dispositive, this trend reasonably suggests that the purposes of the statute are best served by interpreting it liberally to cover an array of circumstances.

Moreover, this court's most relevant decision buttresses the contention that the city's self-insurance program should not be considered insurance under R.C.

3937.18. In *Physicians Ins. Co. of Ohio v. Grandview Hosp. & Med. Ctr.* (1988), 44 Ohio App.3d 157, 158, 542 N.E.2d 706, 707, we considered the legal status of a hospital's employment contract that included a provision stating that the hospital "provides professional liability coverage through a blanket insurance policy for interns covering their professional activities in the Hospital." Dr. Kedrin Van Steenwyk was covered both by the employment contract and by an individual professional liability policy issued by Physicians Insurance Company of Ohio ("PICO"). The PICO policy capped its liability at $200,000 per incident and further reduced its liability by requiring contribution if any "other insurance" covered the identical loss. Thus, when Dr. Van Steenwyk was sued for malpractice, the question arose whether Grandview's contractual obligation constituted "other insurance."

We determined that Grandview was a self-insurer and held that "self-insurance is not insurance; it is the antithesis of insurance." *Id.* at 158, 542 N.E.2d at 707. We reasoned that, while insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting. Rather, in the self-insurance context, the risk is borne by the one on whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self-insures. The city retains the risk of loss by self-insuring and is, thus, by any meaningful definition of the word, uninsured.

Thus, the trend in the Supreme Court and in this court is to · define self-insurers as uninsured and to maximize the uninsured motorist protection afforded to insured persons. Nevertheless, because this is a case of first impression, American States urges us to look to the law of other jurisdictions for guidance. American States notes that courts in Georgia and Florida have held that self-insurers may be considered insured motorists for purposes of an uninsured motorist statute. See *Rabun v. Williams* (1983), 168 Ga.App. 467, 309 S.E.2d 624; *Centennial Ins. Co. v. Wallace* (Fla.App.1976), 330 So.2d 815; *Gabriel v. Travelers Indemn. Co.* (Fla.App.1987), 515 So.2d 1322; *Amica Mut. Ins. Co. v. Amato* (Fla.App.1995), 667 So.2d 802. Because these cases concerned substantively different statutes and policies, and in light of our identification of the Ohio trend, we find these decisions to be both irrelevant and largely unconvincing.

American States asserts in essence that the application of the uninsured motorist statute to these facts is manifestly unfair. In support of this argument, American States cites two cases in which the Supreme Court of Ohio has held that insurance companies are not required to pay uninsured motorists benefits where some species of legal immunity would prevent the insured party from collecting directly from the uninsured party. In *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132, the court held that an insurer

was not liable for uninsured motorist benefits where the tortfeasor motorist had liability insurance but was immune under the statutory fellow-employee doctrine. *Webb* involved the significance of the phrase "legally entitled to recover" as used in R.C. 3937.18(A). The plaintiff in that case was precluded by the substantive laws of Ohio from recovering for injuries allegedly caused by a co-worker's negligence, under the fellow-employee immunity provided by R.C. 4123.741. The court held that where the insured is not legally entitled to recover from the tortfeasor, he may not collect uninsured motorist benefits.

The critical distinction between *Webb* and the case *sub judice* is that in *Webb* the tortfeasor had insurance but was immune from suit by the insured, whereas in this case the tortfeasor is neither insured nor immune from suit by the insured. *Webb* simply stands for the proposition that an insured may not legally recover uninsured motorist benefits where he is not legally entitled, because of immunity, to recover directly from the tortfeasor. Here, Jennings is not legally barred from recovering from the city. She has a colorable claim that does not appear to be affected by any immunity provisions. It is American States' subrogation right itself that is barred by the immunity provision of R.C. 2744.05. Thus, the *Webb* rule that the insured may not collect uninsured motorist benefits where he is not legally entitled to recover against the tortfeasor is inapplicable to this case. Jennings is clearly entitled to recover from the city and, accordingly, she is equally entitled to recover from American States.

Appellant also cites *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533, for support. In *Kurent*, the Supreme Court of Ohio held that where an Ohio resident is injured in a car accident in another state that does not recognize a claim against the tortfeasor, the Ohio resident is not entitled to collect uninsured motorist benefits from his own insurer. Just as in *Webb*, *Kurent* involved an insured party that was not legally entitled to recover from the tortfeasor, not an insurer that was statutorily denied its subrogation rights. Moreover, both *Webb* and *Kurent* involved tortfeasors who actually carried insurance. Thus, this case differs acutely from *Webb* and *Kurent* in that it involves (1) an uninsured motorist-tortfeasor and (2) an insured party that is legally entitled to recover from the tortfeasor.

As appellant correctly observes, the Supreme Court noted in both *Kurent* and *Webb* that requiring an insurance company to pay uninsured motorist benefits without a concomitant right of subrogation would be unfair and would deprive the insurer of its contractual rights. 62 Ohio St.3d at 247, 581 N.E.2d at 537; 54 Ohio St.3d at 65, 562 N.E.2d at 135–136. However, when those cases are viewed on their facts, it is apparent that the insured parties in both cases were not legally entitled to recover from the tortfeasors and, thus, simply had no rights for the insured to subrogate. Here, Jennings is legally entitled to recover against a

motorist without liability insurance, but the insurer's right of subrogation is blocked by a legislative enactment, the sovereign immunity granted by R.C. 2744.05, that is totally independent of and unaffected by the insured's rights. The principle in *Kurent* and *Webb* cannot be as appellant intimates, that an insurer should not be forced to pay uninsured motorist benefits whenever he cannot successfully recover in subrogation. Quite to the contrary, compulsory uninsured motorist coverage is grounded on the reality that injured motorists will frequently go uncompensated for reasons independent of the merit of their claims, and places the burden of compensation on insurers. Accordingly, the sounder and more precise rule to be derived from these cases is that an insured should not recover from his insurer *where the insured himself is not legally entitled to recover directly from the tortfeasor.* This principle is simply not implicated by these facts.

■ We hold that "self-insurance" is the legal equivalent of no insurance for purposes of the distribution of uninsured motorist benefits in accordance with R.C. 3937.18. Accordingly, the first assignment of error is overruled.

Second Assignment of Error

■ "The trial court erred in its determination that American States' policy provision defining 'uninsured motor vehicle' is void and unenforceable as a matter of law."

The trial court held that American States' policy provision excluding vehicles "owned or operated by a self-insurer" from the definition of "uninsured motor vehicle" was void, unenforceable, and against public policy. The Supreme Court has held that uninsured motorist coverage required by R.C. 3937.18 may not be reduced or eliminated by the terms of an automobile insurance policy. *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, syllabus; *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 481, 639 N.E.2d 438, 441. A policy exclusion such as American States' exclusion of self-insured vehicles from the definition of "uninsured motor vehicle" is only valid if it comports with the requirements of R.C. 3937.18. *Alexander, supra*, at 399, 583 N.E.2d at 311.

R.C. 3937.18 mandates coverage if (1) the claimant is insured under a policy which provides uninsured motorist coverage, (2) the claimant was injured by an uninsured motorist, and (3) the claimant's cause of action is recognized by Ohio law. *Id.* at 401, 583 N.E.2d at 312–313; *Watts v. Gen. Acc. Ins. Co. of Am.* (1995), 102 Ohio App.3d 359, 362, 657 N.E.2d 320, 321–322. The first and third requirements are not in issue in this case. With respect to the second, as discussed above, we believe that self-insured vehicles are "uninsured" for purposes of R.C. 3937.18. Thus, American States' exclusion of self-insured vehicles

fails to provide the full protection mandated by the uninsured motorist statute, and is accordingly unenforceable.

■ We also find that American States' exclusion of any vehicle "owned by a governmental unit or agency" is void as against public policy. In *Watters v. Dairyland Ins. Co.* (1976), 50 Ohio App.2d 106, 4 O.O.3d 68, 361 N.E.2d 1068, the Summit County Court of Appeals considered the validity of the following uninsured motorist policy exclusion:

"The term 'automobile' shall not include * * * an automobile which is owned by the United States of America, Canada, or a state, or a political subdivision of any such government or an agency of any of the foregoing * * *." *Id.* at 106, 4 O.O.3d at 68, 361 N.E.2d at 1069.

The defendant insurer in *Watters* argued that excluding government vehicles from uninsured motorist coverage has no discernible effect on an injured insured's ability to recover damages. The defendant argued that, first, where the government invokes sovereign immunity against the claimant, the claimant cannot recover uninsured motorist benefits because the claimant is not a person "legally entitled to recover" under R.C. 3937.18. The defendant further asserted that where sovereign immunity does not apply, the claimant may look directly to the government for compensation. The *Watters* court rejected both of these arguments and held the policy provision void as against public policy.

R.C. 3937.18 provides protection to injured persons who are entitled to recover damages from "owners or operators of uninsured vehicles." As the *Watters* court noted, the statute "does not mention owners or operators who are also uncollectible or who cannot respond in damages." *Id.,* 50 Ohio App.2d at 107, 4 O.O.3d at 69, 361 N.E.2d at 1069. Such exclusions of governmental entities, seemingly motivated by issues of immunity and confidence in the government's ability to pay, have the effect of limiting coverage, in conflict with the terms of the statute. Because American States' exclusion of government vehicles substantially undermines the protection afforded by the uninsured motorist statute, we hold that it is void as against public policy.

Accordingly, the second assignment of error is overruled.

*Judgment affirmed.*

FAIN, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

I respectfully dissent from the decision of the majority.

The purpose of R.C. 3937.18(A) is to create liability coverage for tortfeasors who, as owners or operators of automobiles or other motor vehicles, are without it. The regulatory scheme it adopts to accomplish that purpose requires each automobile or motor vehicle liability "policy of insurance" delivered in the state to offer coverage for the protection of persons insured thereunder who are themselves legally entitled to recover damages for injury, sickness, or death from owners or operators of "uninsured motor vehicles." In this regard the "policy" is a contract of insurance between an insurer and an insured. The term "uninsured motor vehicle" is undefined, but we cannot define it narrowly to mean one *not* covered by a contract of liability insurance when liability coverage is available to its owner or operator from another source.

R.C. 4509.72 permits any person who owns more than twenty-five motor vehicles to obtain a certificate of self-insurance from the Registrar of Motor Vehicles if the applicant "is of sufficient financial ability to pay judgments against him." R.C. 2744.08(A)(2)(a) authorizes political subdivisions of the state to "establish and maintain a self-insurance program relative to its and its employees' potential liability in damages in civil actions for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function."

Pursuant to these provisions the city of Dayton has established its own self-insurance program, which provides liability coverage for the city and its employee, Gerald L. Humston, with respect to the injuries and losses suffered by Audrey B. Jennings as a result of their alleged negligence. It is not disputed that the city has the ability to pay through its self-insurance program any judgment that Jennings may obtain against it and/or Humston.

Because self-insurance creates liability coverage for the owners or operators of automobiles or other motor vehicles who hold a certificate of self-insurance, the automobiles or other motor vehicles they own or operate are *not* uninsured for purposes of R.C. 3937.18(A). Therefore, I would hold that the provision of the policy issued by American States Insurance Company to Jennings that excludes such vehicles from the "uninsured motor vehicle" coverage it creates is a valid and enforceable provision. On this record, the uninsured motorist coverage of the policy that was issued to Jennings by American States is not available to compensate her for her injuries and losses.

I agree with Judge Young that the syllabus of the court in *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp.* (1986), 21 Ohio St.3d 47, 21 OBR 331, 487 N.E.2d 310, does not determine the issue before us. The syllabus states: "The uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals." The case held that persons in those classifications are not required to offer themselves uninsured/underin-

sured motor coverage. S.Ct.R.Rep.Op. 1(B) provides: "The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the court for adjudication." Under that rule, the syllabus in *Grange* does not determine the issue before us. Interestingly, however, the *Grange* opinion notes that self-insurance " 'corresponds with the requirements of automotive liability insurance,' " *id.* at 50, 21 OBR at 334, 487 N.E.2d at 313, quoting *Unigard Ins. Co. v. Columbus Green Cabs, Inc.* (1980), 67 Ohio App.2d 152, 21 O.O.3d 452, 426 N.E.2d 200. While the point of that observation was to distinguish self-insurance from financial responsibility bonds, I believe that it supports the view I've taken here.

Finally, while I agree with Judge Young that the provision of the American States policy that broadly excludes vehicles "owned by a government unit or agency" from the uninsured classification is contrary to the rule of *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, in that it narrows uninsured coverage to a degree not contemplated by R.C. 3937.18, the issue is not before us because the trial court apparently did not apply the provision in this instance.

I would reverse and remand.