JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiffs-appellants, Linda and Warren Franklin, appeal the decision of the Cuyahoga County Common Pleas Court that granted the motion for summary judgment filed by defendant-appellee, American Manufacturers Mutual Insurance Company ("AMMICO") and declared that appellants were precluded from recovering uninsured motorist benefits under a policy of insurance issued to Linda Franklin's employer, Ameritech, because appellants failed to give AMMICO timely notice of their claims, thereby destroying AMMICO's subrogation rights. For the reasons that follow, we reverse and remand.
 {¶ 2} On January 6, 1997, Linda Franklin was involved in an automobile accident with an uninsured driver, Jerome A. Dawson ("Dawson"), and sustained serious injuries. At the time of the accident, Linda was employed by Ameritech Corporation ("Ameritech") while her husband, Warren, was employed by the Greater Cleveland Regional Transit Authority ("GCRTA"). Approximately two years after the Ohio Supreme Court issued its decisions in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co.of America (1999), 86 Ohio St.3d 557, appellants filed the within declaratory judgment action seeking a declaration that they were entitled to uninsured motorists benefits from their respective employers' insurance policies.[1] The complaint also included a claim by Warren Franklin for loss of consortium.
 {¶ 3} In its motion for summary judgment that followed, AMMICO argued that it was entitled to judgment in its favor as a matter of law on the basis that (1) it is not subject to Ohio uninsured/underinsured ("UM/UIM") law because it is, for all practical purposes, self-insured in that it has a $10 million deductible, which is equal to the policy limits; (2) alternatively, that if appellants are insureds under the policy, then they are responsible for the same deductible; (3) the policy is not an automobile policy; and (4) appellants failed to give proper notice so as to protect AMMICO's subrogation rights. Attached to its motion was the parties' joint stipulation wherein they stipulated, inter alia, that (1) Dawson was an uninsured motorist that had subsequently had his debts discharged in bankruptcy; (2) Linda's injuries exceeded $100,000; and (3) appellants' insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), had paid $100,000 and $10,000 to appellants, which represented the policy limits for uninsured motorist and medical payments coverage, respectively.
 {¶ 4} Appellants likewise moved for summary judgment claiming that they, too, were entitled to judgment in their favor as a matter of law. In their motion, they claimed that (1) they are insureds under the AMMICO policy; (2) AMMICO's attempt to restrict uninsured motorist benefits is unenforceable under Scott-Pontzer and its progeny; (3) Linda is an insured irrespective of whether she was working within the scope of her employment at the time of the accident; and (4) uninsured motorist coverage arises by operation of law because AMMICO cannot demonstrate that it offered and Ameritech rejected uninsured coverage.
 {¶ 5} In its journal entry granting AMMICO's motion, the trial court found appellants to be insureds under the policy but found appellants precluded from recovering under that policy because they failed to timely notify AMMICO of their claim. The court reasoned:
 {¶ 6} "An insurance carrier should be able to reasonably evaluate a risk for the premium paid consistent with the law at the time of entering into the contract. To allow claims to be presented long after the time when notice of such claims would reasonably be considered to be timely and after full releases have been executed by the insureds to the underlying tortfeasor thereby extinguishing any subrogation right of [AMMICO] would be extremely prejudicial to [AMMICO]. Provisions in insurance policies requiring timely notice and preservation of subrogation rights would be obliterated by judicial decree. To allow this would render contract provisions ineffective and permit insureds to raise new claims indefinitely depending on changes in the law that arise years after the contract was written and agreed upon by the parties."
 {¶ 7} The court continued:
 {¶ 8} "Whether subrogation rights have been destroyed or the insurance carrier prejudiced thereby should not be determined on a case by case basis depending on the collectibility of the tortfeasor. Just because the tortfeasor may appear to be uncollectible today does not mean he or she will be uncollectible tomorrow. The tortfeasor may inherit a fortune, win the lottery or secure a lucrative employment. The collectibility of the underlying tortfeasor is irrelevant in determining whether an insurance carrier is prejudiced by its insured's destruction of its subrogation rights."
 {¶ 9} Appellants are now before this court and assign two errors for our review. Because each assigned error challenges the trial court's decision regarding the competing motions for summary judgment, we will discuss them together.
 {¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivichv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
 I. Who is an Insured Under the Policy {¶ 11} The policy at issue is a business automobile policy between AMMICO and Ameritech. Section II of the policy provides coverage to an insured for damages because of bodily injury or property damage caused by an accident resulting from the use of a covered auto. The policy defines an "insured" as "[y]ou for any covered `auto.'"
 {¶ 12} AMMICO argues that this language is unlike the definition of "you" contained in the policy at issue in Scott-Pontzer because it restricts the otherwise previously determined ambiguous "you" to persons in covered autos. Relying on several trial court decisions, AMMICO contends that this language alone eliminates the need for any ambiguity analysis under Scott-Pontzer.
 {¶ 13} Appellants, on the other hand, contend that the "covered auto" restrictive provision contained in the AMMICO policy is unenforceable under Martin v. Midwestern Group Ins. Co. (1994),70 Ohio St.3d 478[2] because it attempts to restrict coverage only to those autos specifically listed in the policy. They argue that UIM coverage was designed to protect persons, not vehicles. Id. at paragraph one of the syllabus.
 {¶ 14} This court in Addie v. Linville, Cuyahoga App. Nos. 80547 80916, 2002-Ohio-5333 found the injured parties to be insureds under the policies at issue despite the inclusion of restrictive language. See, also, Kekic v. Royal and SunAlliance Ins. Co., Cuyahoga App. No. 80693, 2002-Ohio-5563; Walton v. Continental Cas. Co., 5th Dist. No. 02CA002, 2002-Ohio-3831, at ¶ 26. Thus, we cannot say that the "covered auto" language contained in the AMMICO policy precludes a finding that appellant, Linda Franklin, is an insured.
 {¶ 15} Nor is the ambiguity found in Scott-Pontzer removed by an endorsement contained in the policy at issue that specifies that certain individuals will be considered insured. In this case, the AMMICO policy contains a "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement that includes all employees regularly assigned a company vehicle. AMMICO contends that the inclusion of this language replaces the "you" found to be ambiguous in Scott-Pontzer. Again, we disagree.
 {¶ 16} "Primarily, we reject the notion that the holding ofScott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found inScott-Pontzer remains and the ambiguous `you' must still be deemed to include employees of the corporate entity identified as the `Named Insured.'" Addie v. Linville, Cuyahoga App. Nos. 80547 80916, 2002-Ohio-5333, at ¶ 43; see, also, Burkhart v. CNA Ins. Co., 5th Dist. No. 2001CA00265, 2002-Ohio-903, appeal granted, 96 Ohio St.3d 1438,2002-Ohio-334. Accord Sekula v. Hartford Ins. Co., Cuyahoga App. No. 81295, 2003-Ohio-1160; Brozovic v. St. Paul Fire Marine Ins. Co., Cuyahoga App. No. 80868, 2003-Ohio-554; Warren v. Hartford Ins. Co., Cuyahoga App. No. 81139, 2002-Ohio-7067; cf. Mlecik v. Farmers Ins. ofColumbus, Inc., Cuyahoga App. No. 81110, 2002-Ohio-6222.
 {¶ 17} Consequently, naming a specific class of individuals on an endorsement only serves to broaden the definition of an insured rather than restrict that definition or otherwise make unambiguous the infamously ambiguous "you" at issue in Scott-Pontzer. Thus, according to the tortured reasoning of Scott-Pontzer, the trial court correctly concluded that appellant, Linda Franklin, is an insured under the AMMICO policy. The same is not true, however, for appellant, Warren Franklin.
 {¶ 18} Unlike the Scott-Pontzer and Ezawa policies, the definition of "insured" in the AMMICO policy does not contain the "if you are an individual, any family member" language. We find the absence of this language precludes a finding that appellant, Warren Franklin, was an "insured" under the AMMICO policy. Indeed, we have found that similar language as is contained in the policy in this case precludes a finding that a family member is an insured absent the inclusion of "family member" in its definition. See Edmondson v. Premier Ind. Corp., Cuyahoga App. No. 81132, 2002-Ohio-5573, ¶ 27; see, also, The Personal Serv.Ins. Co. v. Werstler, 5th Dist. No. 2002CA00232 2002CA00250, 2003-Ohio-932, ¶ 37-38; Walton v. Continental Cas. Co., 5th Dist. No. 02CA002, 2002-Ohio-3831, ¶ 26. Accordingly, the trial court erred when it concluded that appellant, Warren Franklin, was an "insured" under the AMMICO policy.
 II. Prompt Notice Requirement under the Policy {¶ 19} Section IV of the AMMICO policy governs the conditions of the policy and requires "prompt notice" of the accident or loss. Additionally, this section contains the following transfer of rights provision:
 {¶ 20} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after the `accident' or `loss' to impair them."
 {¶ 21} Appellants contend that the trial court erred in finding that they failed to give timely notice of their claims and that this failure was prejudicial to AMMICO in that it impaired AMMICO's right to subrogation. We disagree.
 {¶ 22} The Ohio Supreme Court recently addressed this issue inFerrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217. The Ferrando court held that "when an insurer's denial of UIM coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. at ¶ 81.
 {¶ 23} The burden of presenting evidence to show a lack of prejudice is on the insured, who has failed to comply with the terms of the policy. Nonetheless, "[i]f the insurer has suffered no prejudice from the insured's technical breach, it is difficult to justify permitting the insurer to deny coverage." Id. at ¶ 87.
 {¶ 24} In this case, AMMICO claims that its subrogation rights were impaired by appellant's four-year delay in notifying it of any claim for UM coverage under its policy. In its motion for summary judgment, AMMICO claims that it did not have an opportunity to investigate the accident or to otherwise protect its right to subrogation. Appellants, on the other hand, contend that there was no prejudice because the tortfeasor was not only uninsured but insolvent. Under Ferrando, this becomes an issue of fact inappropriate for summary judgment.
 {¶ 25} Accordingly, it was error for the trial court to grant summary judgment on this issue.
 III. Ameritech as a Self-Insured Entity {¶ 26} Appellants contend that AMMICO is not entitled to summary judgment on the basis that Ameritech is a self-insured entity and, therefore, not subject to the requirements of R.C. 3937.18. In particular, they argue that the deductible to which AMMICO refers does not pertain to the entire policy but only for those claims made under the Garagekeepers Endorsement, which provides coverage for property damage to those automobiles left in the insured's care under specified circumstances. Alternatively, appellants argue that Ameritech failed to satisfy the statutory requirements for self-insured status and furthermore it continues to bear some risk of loss, both of which militate against self-insured status. For the reasons that follow, we find that Ameritech is not self-insured.
 {¶ 27} Self-insurance is defined as "a plan under which a business sets aside money to cover any loss." Black's Law Dictionary (7 Ed. 1999) 807. "Self-insurance is not insurance; it is the antithesis of insurance." Physicians Ins. Co. of Ohio v. Grandview Hosp. and MedicalCtr. (1988) 44 Ohio App.3d 157, 158. While insurance shifts the risk of loss from the insured to the insurer, a self-insurer, on the other hand, retains the risk of loss imposed by law or contract. Id; see, also,Jennings v. Dayton (1996), 114 Ohio App.3d 144, 148.
 {¶ 28} In general, self-insured entities are not subject to the requirements imposed by R.C. 3937.18. Grange Mutual Casualty Co. v.Refiners Transport Terminal Corp. (1986), 21 Ohio St.3d 47, 49-50. In determining whether an entity is self-insured, courts look at who bears the risk of loss. Dalton v. Wilson, 10th Dist. No. 01AP-1014, 2002-Ohio-4015, at ¶ 35. "While insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting." Jennings v. Dayton (1996), 114 Ohio App.3d 144, 148. Rather, "self-insurance `is the retention of the risk of loss by the one upon whom it is directly imposed by law or contract.'" Physicians Ins.Co. of Ohio v. Grandview Hosp. Med. Ctr., 44 Ohio App.3d at 158.
 {¶ 29} The statute likewise is not applicable to entities who can be viewed as being self-insured "in a practical sense." Id. at 49. Nonetheless, courts disagree as to whether a "fronting agreement," where the deductible equals the coverage limit, makes the insured a self-insurer "in a practical sense." Compare Lafferty v. Reliance Ins.Co.(S.D.Ohio 2000), 109 F. Supp.2d 837, 841 (such so-called "fronting agreements" have effect of making insured a self-insurer) and McCollumv. Continental Ins. Co. (Apr. 9, 1993), 6th Dist. No. L-92-141, 1993 Ohio App. Lexis 2022 with Dalton v. Wilson, 10th Dist. No. 01AP-1014, 2002-Ohio-4015, at ¶ 38 (declining to follow Lafferty and McCollum
because those cases "extend Grange well beyond its holding"). Often, this disagreement is based on the purported self-insurer's failure to satisfy statutory filing requirements for self-insured entities.
 {¶ 30} R.C. Chapter 4509 sets forth specific requirements for self-insurers and provides, in relevant part, that a certificate of self-insurance shall issue upon application by one who is "of sufficient financial ability to pay judgments." R.C. 4509.72(B). Proof of financial responsibility may be given by filing a surety bond as provided in R.C.4509.59 or by the issuance of a certificate of self-insurance as provided in R.C. 4509.72. See R.C. 4509.45(C) and (E).
 {¶ 31} It is undisputed that Ameritech does not hold a certificate of self-insurance pursuant to R.C. 4509.45(E). Nor is there any evidence in the record to suggest that Ameritech is a surety bond principal pursuant to R.C. 4509.45(C). It is apparently on this basis that theDalton court found the employer in that case not to be a self-insured entity despite the existence of a fronting agreement.
 {¶ 32} Other courts have analyzed whether an entity was self-insured based on which entity bore the risk of loss despite the failure to satisfy statutory self-insurance requirements. In Tucker v.Wilson, 12th Dist. No. CA2002-01-002, 2002-Ohio-5142, it was determined that the insurer retained some risk of loss based on the existence of a bankruptcy clause, which provided that the insurer would not be relieved of its obligation to pay a valid claim under the policy in the event the employer were to file for bankruptcy or otherwise become insolvent. Id. at ¶ 14.
 {¶ 33} The same provision exists in the instant case. In the event of bankruptcy or insolvency of the insured, AMMICO is not relieved of any obligations under the business auto policy. Consequently, regardless of whether the fronting agreement pertains to the entire policy or solely to the Garagekeepers Endorsement, not only did Ameritech fail to satisfy statutory requirements for self-insured status, it continued to bear some risk of loss. As such, Ameritech cannot be considered a self-insured entity. Cf. Straubhaar v. Cigna Prop. Cas. Co., Cuyahoga App. No. 81115, 2002-Ohio-4791.
 {¶ 34} The decision of the trial court is affirmed, in part, reversed, in part, and remanded.
This cause is affirmed, in part, reversed, in part, and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that the parties equally bear costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., concurs.
ANN DYKE, J., concurs in judgment only.
[1] {¶ a} The GCRTA moved for and was granted summary judgment. It premised its argument on the fact that it is a self-insured entity and, as a political subdivision, it is limited by statute to purchasing liability insurance only. Appellants do not challenge this ruling on appeal.
{¶ b} Appellants' complaint also included two unnamed defendants. The complaint was never amended to name these defendants and, as such, these defendants were never served.
[2] H.B. 261, effective September 3, 1997, amended R.C. 3937.18 to supersede the holding in this case. H.B. 261, however, is inapplicable here because the policy at issue predates its effective date.