OPINION
{¶ 1} On July 8, 2000, appellant, Dijon DeLong, sustained bodily injury in a motor vehicle accident. The accident was caused by an uninsured/underinsured motorist.
 {¶ 2} At the time of the accident, appellant's father, Jerald DeLong, was employed with United Agri Products, a subsidiary of ConAgra, Inc. ConAgra had a garage liability policy with appellee, Continental Casualty Company.
 {¶ 3} On January 30, 2001, appellant filed a complaint against appellee seeking uninsured/underinsured motorists benefits. Appellee filed a motion for summary judgment on February 26, 2002. Appellant filed a cross-motion on March 26, 2002. By judgment entry filed May 2, 2002, the trial court ruled in favor of appellee, finding appellant was not an insured under the policy.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred in granting appellee's motion for summary judgment."
 II {¶ 6} "The trial court erred in failing to grant appellant's cross-motion for summary judgment."
 I, II {¶ 7} Appellant claims the trial court erred in granting appellee's motion for summary judgment and erred in denying his cross-motion for summary judgment. Because we find Assignment of Error II to be dispositive of the issue sub judice, we will address this assignment primarily. Appellant argues ConAgra is not self-insured and therefore must comply with the mandatory provisions of R.C. 3937.18. We disagree.
 {¶ 8} We previously reviewed a nearly identical policy issued by Continental to ConAgra and found ConAgra to be self-insured in the practical sense:
 {¶ 9} "ConAgra's policy with Continental is a `fronting' or `matching deductible' policy. The policy has a liability limit of two million dollars and a matching deductible of two million dollars. The policy requires ConAgra to reimburse Continental for any claims paid on its behalf. Under the agreement, Continental provides services to ConAgra, including the defense and adjustment of claims made against it, and the use of its licenses as an insurer. The agreement and policy permit ConAgra to satisfy the motor vehicle financial responsibility requirements of the various states in which it operates motor vehicles, including Ohio." Rupple v. Moore, Ashland App. No. 02COA003,2002-Ohio-4873, at ¶ 5.
 {¶ 10} Appellant argues the Rupple panel failed to address the ramifications of the bankruptcy provision in the Continental business automobile insurance policy, Section V(B)(1), attached to Continental's motion for summary judgment as Exhibit C:
 {¶ 11} "Bankruptcy or insolvency of the `insured' or the `insured's' estate will not relieve us of any obligation under this Coverage Form."
 {¶ 12} Appellant argues because of this provision, the policy "is not a true `fronting' policy, rather it is an insurance agreement where the insured retains the risk of loss in the event it is solvent and able to pay, but the risk of default as a result of bankruptcy or insolvency of the insured, or its subsidiaries, falls upon the insurance company." Appellant's Brief at 9. Appellant argues the provision indicates "the transfer of some risk of loss, negating the conclusion that ConAgra, in this situation, is a self-insurer." Id. at 12. In support of his argument, appellant cites the case of Jennings v. City of Dayton (1996),114 Ohio App.3d 144, 148, citing Physicians Insurance Company of Ohio v.Grandview Hospital Medical Center (1988), 44 Ohio App.3d 157, wherein our brethren from the Second District explained the following:
 {¶ 13} "We reasoned that, while insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting. Rather, in the self-insurance context, the risk is borne by the one on whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self-insures."
 {¶ 14} We disagree with appellant's argument for the following reason. Included in the reimbursement and security agreement, Section III(A) and (B), attached to Continental's motion for summary judgment at Exhibit A, are the assumptions by ConAgra of investigation, payment of all losses, administrative service fees, costs and expenses. Further, ConAgra is to provide a "letter of credit" as collateral or "a collateral trust * * * with a third party trustee." See, Section III(F). The policy further lists as an incident for default the failure to provide a letter of credit to Continental. See, Section V(C).
 {¶ 15} In the event of a bankruptcy, there is a fund via the letter of credit or collateral trust provided by ConAgra that would generate the costs associated with any losses paid by Continental. In this regard, the risk of loss is not shifted to Continental but is secured by the letter of credit or collateral trust.
 {¶ 16} Based upon the foregoing, we find ConAgra to be self-insured in the practical sense and therefore is not required to fulfill the mandates of R.C. 3938.17. See, Grange Mutual Casualty Companyv. Refiners Transport Terminal Corp. (1986), 21 Ohio St.3d 47. The remaining issues are moot.
 {¶ 17} Assignments of Error I and II are denied.
 {¶ 18} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
By Farmer, J.