{¶ 36} I agree with the outcome, but for reasons different from what the majority gives. I do not believe Lucent was self-insured. I would affirm, however, because plaintiff is not included as a family member in the policy.
 {¶ 37} It is agreed that the mandate of R.C. 3937.18, along with its requirement that uninsured/underinsured coverage be offered by insurers to their insureds, is not applicable if a company is self-insured. According to Lucent, it is a self-insured company because it has 100% of the risk.
 {¶ 38} Landers, on the other hand, says Lucent cannot be self-insured because it does not have a certificate of insurance on file with the state nor does it assume 100% of the financial risk under the policy.
 {¶ 39} Risk
 {¶ 40} "In determining whether an entity is self-insured, courts look at who bears the risk of loss." Dalton v. Wilson, Franklin App. No. 01 AP-1014, 2002-Ohio-4015, at ¶ 35. "While insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting." Jennings v. Dayton (1996), 114 Ohio App.3d 144, 148. Rather, "self-insurance `is the retention of the risk of loss by the one upon whom it is directly imposed by law or contract.'" Physicians Ins.Co. of Ohio v. Grandview Hosp. Med. Ctr. (1988), 44 Ohio App.3d 157,158.
 {¶ 41} The Supreme Court of Ohio has explained in order for a company to be a self-insurer, it must always retain the risk of loss. Thus the Supreme Court held that "a financial responsibility bond is not liability insurance." The court explained that the company was "a `self-insurer' in the practical sense in that [the employer] was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim." Grange Mut. Cas. Co. v. Refiners Transport and Terminal Corp.
(1986), 21 Oh. St.3d 47. The Fifth Appellate District has similarly found a letter of credit is not liabilitty insurance. Dijon DeLong v. BrandonMyers, 2003-Ohio-2702.
 {¶ 42} Other courts have subsequently expanded this exemption for self-insurers. Dolly v. Old Republic Ins. Co., (N.D.Ohio. 2002),200 F. Supp.2d 823; Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000),109 F. Supp.2d 837; McCollum v. Continental Ins. Co. (Apr. 9, 1993), Lucas App. No. L-92-141; Fonseca v. Fetter, (June 15, 2001), Lucas C.P. No. CI 99-4712; and DeWalt v. State Farm Ins. Cos. (Sept. 11, 1997), Lake C.P. No. 96CV001173.
 {¶ 43} The Fifth District has acknowledged a self-insured exemption for a company lacking the normal certificate but only under certain conditions. In Dalton v. Travelers Ins. Co., (December 23, 2002), Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407, 2001CA00409, 2002-Ohio-7369, the court held that even though the company had not complied with filing a certificate of insurance or a bond, it had nonetheless proven that it bore the financial responsibility at all times.
 {¶ 44} Attached to its motion for summary judgment, the company included "a Payment Agreement * * *. The payment agreement makes Collins responsible upon billing for each payment made under the policy, up to $500,000 for the commercial automobile policy and $1,000,000 for the general liability policy. * * * In order to secure the amounts that may be paid, Collins is required to provide a promissory note and a securityacceptable as collateral." Based upon these documents, the court's opinion found "Collins is responsible for payments made to claimants under the policy up to the retained amounts. By agreeing to reimburse and provide a promissory note and security, Collins is self-insured up to the retained amounts because the risk of loss has not shifted away from Collins." (Emphasis added.) In other words, a company claiming to be self-insured and therefore exempt from R.C. 3937.18 must prove that it has taken definitive and legally certain steps to guarantee it always retains financial responsibility for any claimed loss.
 {¶ 45} No such proof was provided in the case at bar. It is agreed Lucent did not file a certificate of insurance with the state, nor does it have a bond. Lucent's motion, moreover, did not attach any proof of its financial ability to pay claims as was produced in Dalton v.Travelers, supra. Nor did Lucent take any "definitive and legally certain steps" such as providing a "promissory note and security acceptable as collateral."
 An Insurance Policy with Matching Deductible and Liability {¶ 46} Lucent argues it is a self-insurer because it has a fronting policy in which the deductible matches its liability limits. Because the deductible of those fronting policies is exactly equal to the liability limits of the policies and the risk of loss never leaves the company, Lucent claims the company is self-insured and, therefore, not bound by R.C. 3937.18.
 {¶ 47} The Tenth District, in Dalton v. Wilson (Aug. 8, 2002), Franklin App. No. 01AP-1014, 2002-Ohio-4015, rejected expanding self-insurance in the "practical sense" to a policy containing "matching deductible" language. The court explained: "Because [the insured] neither obtained a certificate of self-insurance certifying that it is of sufficient financial ability to pay judgments against it (as contemplated in Snyder), nor posted a financial responsibility bond (as contemplated in Grange), [the insured] may not be considered a self-insurer. As the Montgomery County Court of Common Pleas stated in Roberts v. State FarmMutual Auto. Ins. Co. (2001), Montgomery C.P. No. 00-CV-0886: `It may be well and good and entirely lawful for a "fronting agreement" * * * to spare [an entity] the expense and potential administrative quagmires of formal registration in every state, territory and country where it does business and for these "devices" to provide [an entity] the use of [an insurer's] filings and claims service, but they do not paralyze or mute the walking and quacking duck of insurance coverage.'" The Tenth District found this argument persuasive and concluded that Parker was not self-insured and therefore its policy was subject to the requirements of R.C. 3937.18. Moreover, "[s]ince Parker attempted to satisfy R.C. 4509.45
via its automobile liability policy with [the insurer], the insurer] was required to offer UM/UIM coverage."
 Bankruptcy {¶ 48} Even if we assume, arguendo, that a fronting policy with matching liability limits and deductible is enough to result in a self-insurer "in the practical sense," the remaining issue is whether the bankruptcy provision in the insurance policy undercuts Lucent's claim to being a self-insurer.
 {¶ 49} The majority admits that "the insurance company has absolute liability under the policy in the event that the self-insured is unable to satisfy judgment * * *." Although such a provision may satisfy the need for a guarantee, it also raises the threshold question of whether the employer is self-insured if, in the event of bankruptcy, the risk shifts to an insurance company. I disagree with the majority's sweeping conclusion that "the insured's discharge in bankruptcy would not affect the insurance company's absolute liability under the policy." For the majority, proof of financial responsibility is irrelevant so long as the self-insured "continues to bear the present risk of loss." The majority has impermissibly narrowed the proof of financial responsibility to the "present risk of loss."
 {¶ 50} The majority is following the Fourth District, which begins its analysis with risk as the defining characteristic of a self-insured: "While insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk shifting. Rather, in the self-insurance context, the risk is borne by the one on whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self insures." Musser v. Musser, 2003-Ohio-1440 ¶ 17, citing Jennings v. Dayton (1996), 114 Ohio App.3d 144.
 {¶ 51} The Twelfth Appellate District, however, distinguished between a fronting policy with matching liability limits and deductible, on the one hand, and, on the other hand, a policy with a clause specifying that during bankruptcy the insurer is obliged to pay a valid loss. Tucker v. Wilson, 2002-Ohio-5142 ¶ 14. Although both focus on risk, the Fourth and Twelfth Districts disagree in their analysis of the effect of the bankruptcy clause found in the insurance policy.
 {¶ 52} In the case at bar, the provision in the "Business Auto Coverage Form" reads: "Bankruptcy or insolvency of the `insured' or the `insured's estate will not relieve us of any obligations under this Coverage Form."[1] "Us" refers to drafter of the policy, that is, the insurance company. In Tucker the Business Automobile policy contained an identical "bankruptcy clause that provided that `bankruptcy or insolvency of the insured or the insured's estate will not relieve us [the insurer] of any obligations under this Coverage Form.'" (Emphasis added.) Id. ¶ 2. The Tucker court held that in the event of bankruptcy, the risk falls upon the insurer. The court emphasized, "* * * however minuscule the risk to [the insurer] may be, [the insured] does not retain 100 percent of the risk of loss. Rather, some risk has shifted to [the insurer]." Id. ¶ 4.
 {¶ 53} In a cryptic paragraph, the Musser court disagreed that the presence of the bankruptcy clause changed the result. The Musser court claimed the employer retained "the risk of loss at all times." The court explained: "The employer's bankruptcy or insolvency simply relieves the employer of a present obligation to pay the deductible. The insurerpresumably could later attempt to recover the funds from the employer." (Emphasis added.) ¶ 20. This latter explanation glosses over the contradiction of the prior statement. If the insurer cannot recover the funds from the employer, then the employer did not retain the risk of loss at all times. Moreover, any future relief of a "present obligation to pay" is shifts the risk. Whatever distinctions one makes between present relief and future attempts, the risk shifts. Where there is a dependency upon an insurance policy to provide the necessary guarantees, the statutory requirements governing an insurance policy applies.
 {¶ 54} I agree with Judge Harsha's dissent in Musser: "* * * the legislature has created specific requirements for `self-insurance.' An entity that wishes to avail itself of that status ought to comply with the statutory scheme created by the legislature." ¶ 24.
 {¶ 55} I, therefore, believe Landers' first assignment of error has merit.
 {¶ 56} However, I would affirm the trial court's ruling that both the Lucent and American States policies did not extend to family members.[2]
 {¶ 57} Unlike the policy in Scott-Pontzer, neither Lucent's nor American States' policy has "family member" language. In Edmondson v.Premier Indus. Corp. Cuyahoga App. No. 81132, 2002-Ohio-5573, this court noted the importance of language referencing "family members." "Absent such language, the coverage in the policy does not extend to family members of employees. Allen v. Johnson, 9th Dist. No. 01 CA0047, 2002-Ohio-3404; see also, Devore v. Richmond, 6th Dist. No. WD-01-044, 2002-Ohio-3965 (coverage did not extend to wife when policy specified employees covered when action within the scope of employment). Accordingly, Rodney Edmondson is not an `insured' under CNA's policy and summary judgment in favor of CNA and Premier was appropriate."
 {¶ 58} Similarly, in Personal Serv. Ins. Co. V. Werstler, Stark App. Nos. 2002CA00232 and 2002CA00250, 2003-Ohio-932, the court stated: "[B]ecause the definition of "insured" does not contain the `if you are an individual, any family member' language found in the Scott-Pontzer
policy, * * * [plaintiff] * * * is not an `insured' under the liability portion of [the] policy."
 {¶ 59} In the case at bar, neither policy contains the crucial "family member" language present in Scott-Pontzer. I would thus overrule the second and sixth assignments of error. Because this issue is dispositive of the entire appeal, the trial court did not err in granting summary judgment to Lucent and American States.
 {¶ 60} I thus concur in judgment only with the majority opinion.
[1] In Musser, the Fourth District, noting that the provision in its case was similar to the one in Tucker, erroneously quoted the Tucker
policy as follows: "In the case at bar, the bankruptcy clause of the [Business Auto] policy clearly provides that were `the employer' to file bankruptcy or otherwise become insolvent, [the insured] would not be relieved of its obligation to pay a valid loss during the term of the policy to a third party. Thus, although [the insured] argues that [the employer] retains full risk under the [Business Auto] policy, the language of the policy refutes that argument." (Emphasis added.) ¶ 20 Note 7. Clearly, "us" in the original refers to the insurance company, not the "insured," which is the word the Musser court inserted.
[2] Assignments of Error II and VI, which both question whether family members are excluded, state as follows: "II. The Trial Court Erred When It Determined That The Lucent Policy Did Not Extend To Family Members." "VI. The Trial Court Erred When It Determined That The American States Policy Did Not Extend To Family Members."