DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal of the judgment of the Huron County Court of Common Pleas which granted appellee, United Ohio Insurance Company ("United Ohio") summary judgment and dismissed appellant's complaint against United Ohio. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth two assignments of error:
 {¶ 3} "1) The trial court erred in holding that Timothy McGinn and Devin McGinn were not entitled to Underinsured Motorists Coverage under the terms of the insurance policy issued by Appellee.
 {¶ 4} "2) The trial court erred in denying Appellants the opportunity to conduct additional discovery to determine Appellee's intent in including Timothy McGinn as an additional driver on the insurance policy issued by Appellee."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On January 16, 2001, Devin McGinn was struck by a motorcycle driven by Ryan Doughty. Devin was riding his bicycle. Appellee, United Ohio, issued an automobile liability insurance policy to Devin's grandfather, James McGinn, in effect at the time of the accident.
 {¶ 6} On January 16, 2001, Devin resided with his father, Timothy McGinn, in Norwalk, Ohio. The insured, James McGinn resided in a separate home in Norwalk.
 {¶ 7} Ryan Doughty's insurance coverage had limits of $12,500. The expenses incurred as a result of Devin's injuries exceeded those policy limits. Appellants filed a complaint naming United Ohio as a defendant, claiming the policy issued to James McGinn provided underinsured coverage for his grandson's accident.
 {¶ 8} On August 6, 2003, United Ohio filed for summary judgment, asserting that policy issued to James McGinn provided no coverage in this case. On September 18, 2003, appellants filed their brief in opposition. On November 7, 2003, summary judgment was granted in favor of United Ohio. The matter became final and appealable when the trial court issued a dismissal of the case on November 2, 2004. On November 30, 2004, appellants filed a timely notice of appeal.
 {¶ 9} We note at the outset an appellate court reviews the trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 10} In their first assignment of error, appellants assert that the trial court erred in holding that they are not entitled to underinsured coverage under the policy issued to James McGinn. In support, appellants claim that by specifically listing Timothy McGinn as an additional nameddriver on the declarations page, the policy can be construed that Timothy McGinn was an insured.
 {¶ 11} The construction of a written contract is a matter of law subject to review de novo. Saunders v. Mortensen, 101 Ohio St.3d 86,2004-Ohio-24, at ¶ 9. The responsibility and role of the court in interpreting a disputed contract is to ascertain and give effect to the intent of the parties. It is presumed that the language of a contract embodies its intent. When intent can be plainly determined from the language utilized in the agreement, there is no need to interpret the contract. Id., citing Altman Hosp. Assn. v. Comm. Mut. Ins. Co. (1989),46 Ohio St.3d 51.
 {¶ 12} Conversely, if the language is reasonably susceptible to more than one interpretation, the resulting ambiguity is construed strictly against the insurer in favor of the insured. King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208, syllabus; Clark v. Scarpelli, 91 Ohio St.3d 271,282, 2001-Ohio-39. In order to analyze a claimed ambiguity, the contract must be read as a whole and the intent of each party determined from consideration of the whole. Saunders, supra, 2004-Ohio-24, at ¶ 16.
 {¶ 13} The controversy in this matter arises from the assertion that by naming Timothy McGinn as an additional driver on the declaration page, underinsured motorists coverage applies to Devin McGinn for his injuries. Appellants claim Timothy McGinn is an insured pursuant to the underinsured coverage policy provisions.
 {¶ 14} This court has reviewed the disputed policy language. The sole named insured is James McGinn. His son, Timothy McGinn, is listed as an authorized driver of the insured vehicle. In the definitions portion of the policy, the language expressly states that a resident spouse of the name insured is also covered by the policy. The policy also extends coverage to family members of the named insured.
 {¶ 15} Family members are defined as those related by blood, marriage, or adoption who reside in the same household as the named insured. Timothy and Devin McGinn did not reside with the named insured. No resident spouse was involved in the accident. The covered vehicle was not involved in the accident. The express language of the policy makes clear it does not encompass Timothy or Devin McGinn. It provides no underinsured coverage for this accident.
 {¶ 16} Part C of the policy, the underinsured coverage provisions, specifically establishes that an "insured" is the named insured, a family member of the named insured, or anyone occupying the covered automobile. Thus, the plain language of the agreement unequivocally excludes coverage in this case.
 {¶ 17} Appellants' attempt to distinguish and redefine this court's ruling in Moccabee v. Progressive Ins. Co. (Oct. 9, 1998), 6th Dist. No. L-98-1069, is misleading and misplaced. Appellants proclaim that by affirming, this court would, in effect, be holding that Moccabee enables an insurance company to charge an additional premium to list an additional named driver while wholly denying coverage to that named driver. There is absolutely no evidence that an additional premium was charged in this case based upon the listing of Timothy McGinn as a driver.
 {¶ 18} The Moccabee ruling held that whether or not one is an "insured" under a policy is governed by the language of the policy itself and is not controlled by whether or not that person is listed as an additional driver. That is precisely what the court is reaffirming in this case. The policy language in this case is not ambiguous. Pursuant to the language, there is no coverage. Appellants' first assignment of error is not well taken.
 {¶ 19} In their second assignment of error, appellants claim that the trial court erred in denying appellants an opportunity to reopen discovery. Given the inapplicability of the policy to this case, this argument is moot. The relevant inquiry in determining the claim of underinsured coverage is who is a "named insured", who resided with the "named insured", and was the named vehicle in the accident. At this juncture, no further inquiry is warranted or necessary. The accident was not covered by the policy. Appellants' second assignment of error is not well taken.
 {¶ 20} On consideration whereof, this court finds no genuine issue of fact remaining and, after considering the evidence presented in the light most favorable to appellants, appellee is entitled to summary judgment as a matter of law. The judgment of the Huron County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal for which sum judgment is rendered against appellants on behalf of Huron County for which execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J. Judge.