{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant Allstate Insurance Company (Allstate) appeals the trial court's denial of its motion for summary judgment regarding the validity of uninsured and/or underinsured motorist coverage (UM/UIM) in plaintiffs-appellees Christine Vairetta (Vairetta) and her parents' (the Vairettas) personal umbrella insurance policy. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 3} On June 2, 2000, Vairetta was a passenger in a car that was involved in a single vehicle accident. On December 8, 2004, the Vairettas filed a personal injury claim against various defendants. The Vairettas eventually settled with all defendants except Allstate. Vairetta claims her total damages exceed her settlement money, and she seeks further compensation under the umbrella policy's UM/UIM coverage.
 {¶ 4} Allstate defended against the claim on the grounds that the Vairettas expressly rejected UM/UIM coverage in the policy. On August 8, 2007, the court denied Allstate's summary judgment motion, concluding that the signed rejection of the UM/UIM coverage was not valid under the requirements of Linko v. Indemnity Ins. Co., 90 Ohio St.3d 445,2000-Ohio-92. It is from this denial that Allstate appeals. *Page 5 
 II {¶ 5} Allstate's three assignments of error are interrelated and will be reviewed together. They read as follows: 1) "The trial court erred when it found that the plaintiffs' rejection of UM coverage was not valid"; 2) "The trial court erred when it found that there must be proof of an offer that includes a description of coverage, the premium and an expense statement of the limits of the offered coverage for a policy dated March 15, 2000"; and 3) "The trial court erred when it denied Allstate Insurance Company's motion for summary judgment."
 {¶ 6} We first note that a denial of a summary judgment motion is not a final appealable order. State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. The Overmeyer court also held that "the mere addition of Civ.R. 54(B) language, that there is no just reason for delay, does not transform what is an otherwise interlocutory order into a final appealable order."
 {¶ 7} In the instant case, however, the court included the following language
in its August 8, 2007 decision:
 "Upon consideration of the motion for summary judgment briefs, defendant's motion for summary judgment is denied. However, the court, in ruling thereon, has decided the rights and liabilities of the parties to the contract and finds that the motion is in the nature of a declaratory judgment. Therefore, the court finds that the Allstate policy 09254147703-15, issued to plaintiffs on March 15, 2000, does provide UM coverage equal to the policy limits by operation of law. Pursuant to R.C. 2502.02, this decision is a final appealable order and there is no just cause for delay." *Page 6 
 {¶ 8} Pursuant to Gen. Accident Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 22, court orders stemming from declaratory judgment actions are final appealable orders. Furthermore, we conclude that the court had the authority to treat Allstate's summary judgment motion as a request for declaratory judgment, pursuant to Civ.R. 8(F), which reads, "[a]ll pleadings shall be so construed as to do substantial justice."
 {¶ 9} A party to a contract may use a declaratory judgment action to determine its legal rights and obligations. See Mid-American Fire Cas.Co. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248. We review declaratory judgment actions for an abuse of discretion. Id.
 {¶ 10} Uninsured/underinsured motorist law, governed by R.C. 3937.18, has undergone many substantive, and at times controversial, changes in the past decade. See, e.g., Scott-Pontzer v. Liberty Mutual FireInsurance Co. (1999), 710 N.E.2d 1116 (superceded by S.B. 97 amendments to R.C. 3937.18); Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849 (holding that Scott-Pontzer was erroneously decided). Accordingly, when reviewing an UM/UIM claim, we must first decide what version of R.C. 3937.18 applies to the insurance policy in question.
 {¶ 11} In the instant case, the Vairettas purchased the umbrella policy from Allstate on March 1, 1994; the most recent policy renewal covered the time period from March 15, 2000 through March 15, 2001. Therefore, the controlling date is *Page 7 
March 15, 2000, which was when the Vairettas signed the policy that was in effect when the June 2, 2000 accident occurred. See Ross v. FarmersIns. Group, 82 Ohio St.3d 281, 1998-Ohio-381 (holding that "for the purpose of determining the scope of coverage on an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties"). We conclude, therefore, that the H.B. 261 version of R.C. 3937.18, which was in effect from 1997 to 2001, governs the case at hand.
 {¶ 12} The pertinent part of H.B. 261, which at the time was R.C.3937.18(C), stated that "a named insured's * * * rejection of [UM/UIM] coverages * * * shall be in writing and shall be signed by the named insured * * *." In Linko, supra, the Ohio Supreme Court held that for a UM/UIM rejection to be valid under H.B. 261/R.C. 3937.18(C), "the insurer must inform the insured of the availability of UM/UIM coverage, set forth the premium for UM/UIM coverage, include a brief description of the coverage, and expressly state the UM/UIM coverage limits in its offer; * * *." See, also, Kemper v. Mich. Millers Ins. Co.,98 Ohio St.3d 162, 2002-Ohio-7101 (holding that Linko applies to an insurance policy written when H.B. 261 was effective, and a signed rejection of UM/UIM coverage is not effective "when there is no other evidence, oral or documentary, of an offer of coverage * * *"). To be in compliance withLinko, the insurer bears the burden to show an express written offer and rejection. Schumacher v. Kreiner, 88 Ohio St.3d 358, 360, 2000-Ohio-344, citing *Page 8 Gyori v. Johnston Coca-Cola Bottling Group, Inc., 76 Ohio St.3d 565,1996-Ohio-358.
 {¶ 13} Therefore, we hold that the trial court applied the correct law to the situation at hand.
 {¶ 14} We now turn to the facts of the UM/UIM rejection in the instant case, in which the Vairettas checked the following box: "I do not want UM Coverage included in my Personal Umbrella Policy." The Vairettas signed the rejection on March 1, 1994.
 {¶ 15} The trial court noted that Allstate provided no evidence that an offer was made setting forth the premium, description, or limits of the UM/UIM coverage. The court concluded that this rejection was insufficient under Ohio law at the time of this policy. The effect of an invalid UM/UIM rejection, at the time, was for the court to imply coverage by operation of law. See, e.g., Arn v. McLean,159 Ohio App.3d 662, 2005-Ohio-654.
 {¶ 16} Allstate further argues that Hollon v. Clary,104 Ohio St.3d 526, 2004-Ohio-6772, applies to the instant case. The Hollon court held the following: "[A] signed, written rejection of UM/UIM coverage is valid under the H.B. 261 version of R.C. 3937.18 if it was made in response to an offer that included a brief description of the coverage and the coverage premiums and limits. Once a signed rejection is *Page 9 
produced, the elements of the offer may be demonstrated by extrinsic evidence." Id. at 529.
 {¶ 17} A careful review of the record in the instant case, including Allstate's summary judgment motion with attached exhibits, the insurance policy in question, and the UM/UIM rejection, reveals that Allstate did not produce evidence, extrinsic or otherwise, that it made an offer to the Vairettas which included UM/UIM coverage description, limits, or premiums. Absent this proffer, a Hollon analysis necessarily fails. In the court's August 8, 2007 declaratory judgment, it noted that Allstate "provides no evidence that an offer was made that meets the above requirements. Plaintiff's affidavits support that no specific offer was ever made." Therefore, the Vairettas' UM/UIM rejection is invalid underHollon.
 {¶ 18} We note that if this case were before an Ohio court today, or anytime after October 31, 2001, when S.B. 97 changed the face of UM/UIM coverage once again, the outcome would be different. However, we conclude that the court did not err in treating the parties' motions as a declaratory judgment action, and concluding that the Allstate insurance policy in question "does provide UM coverage equal to the policy limits by operation of law."
 {¶ 19} Allstate's final argument is that if the court finds that the policy does provide the Vairettas with UM/UIM coverage, the plain language of the policy states, "[t]his policy will not apply: * * * 3. to personal injury to an insured." However, the trial *Page 10 
court correctly concluded that restrictive or exclusionary provisions within an insurance policy will not extend to UM/UIM coverage that is implied by law. See Sprint Corp. v. Continental Casualty Co., Cuyahoga App. Nos. 83468 and 83475, 2004-Ohio-6298 (holding that "the parties `never intended underinsured coverage to be provided by the policy' and, as such, `there could be no negotiated exclusions intended to be implied to the underinsured coverage'") (quoting Demetry v. Kim (1991),72 Ohio App.3d 692).
 {¶ 20} Accordingly, we find no error in the trial court's August 8, 2007 order, and Allstate's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P. J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1