JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Owners Insurance Company (appellant) appeals the court's issuing a declaratory judgment entitling plaintiff Jennifer Dea (plaintiff) coverage under the automobile insurance policy in question. After reviewing the facts of the case and pertinent law, we reverse and remand.
 I {¶ 2} In December 2002, plaintiff moved out of her parents Michael and Evelyn Dea's house. On November 5, 2003, appellant issued an automobile insurance policy, which covered four vehicles, to plaintiff's parents. Vehicle number two is listed as a Kia Rio, and under the Premium Basis for this vehicle, the policy states the following: "Automobile driven to work or school 3 miles or less by a 21 year old unmarried female — principal operator."
 {¶ 3} On December 5, 2003, plaintiff was a passenger in a vehicle driven by Ian Johnson. The vehicle was involved in an accident which was Johnson's fault. On December 21, 2004, plaintiff filed a personal injury complaint against Johnson; however, because Johnson was uninsured, plaintiff also sought uninsured motorist coverage under her parents' policy with appellant.
 {¶ 4} Appellant sought summary judgment, arguing that plaintiff was not an insured under the policy. On May 17, 2005, the court denied appellant's summary judgment motion. On January 31, 2007, the court approved a stipulation between the parties as to damages only. On February 23, 2007, appellant filed its first appeal, *Page 4 
which we dismissed for lack of a final appealable order because the court failed to declare the rights of the parties. On June 27, 2007, the court again denied appellant's summary judgment motion and declared that plaintiff was entitled to coverage under the policy. It is from this order which appellant now appeals.
 II {¶ 5} In its sole assignment of error, appellant argues that "the trial court erred in denying defendant-appellant's motion for summary judgment." Specifically, appellant argues that plaintiff is not an insured under the policy. Although this assignment of error is framed around summary judgment, we will analyze the court's declaratory judgment action, because it is well established that the denial of a summary judgment motion is not a final appealable order. See State exrel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23; Balson v. Dodds
(1980), 62 Ohio St.2d 287; Celebrezze v. Netzley (1990),51 Ohio St.3d 89; R.C 2505.02. See, also, Vairetta v. Papesh, Cuyahoga App. No. 90350,2008-Ohio-933 (holding that it was proper for a trial court to treat a defendant insurance company's summary judgment motion as a request for declaratory judgment). We review declaratory judgment actions for an abuse of discretion. Mid-American Fire Cas. Co. v. Heasley,113 Ohio St.3d 133, 2007-Ohio-1248.
 {¶ 6} In the instant case, the uninsured motorists section of the policy states the following:
 "COVERAGE *Page 5 
 If the first named insured shown in the Declarations is an individual *** we will pay compensatory damages *** for bodily injury the first named insured accidentally sustains *** while occupying an automobile the first named insured does not own which is not covered by *** this policy. The coverage extended *** above is also provided to *** a relative who does not own an automobile."
 {¶ 7} In the definitions section of the policy, "relative" is defined as "a person who resides with you and who is related to you by blood, marriage or adoption ***."
 {¶ 8} A careful review of the policy in question shows that the named insureds are "Michael J. Evelyn M. Dea." As noted earlier, the policy lists "a 21 year old female" as an additional driver of one of the vehicles. Plaintiff's name, Jennifer Dea, does not appear anywhere in the policy. As such, plaintiff is not a named insured under the policy.
 {¶ 9} Plaintiff, however, argues that it was the Deas' intent to provide her with insurance coverage under the policy, and that because the policy language is ambiguous, it must be strictly construed against the insurance company. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208. Appellant, on the other hand, argues that the terms of the policy clearly and unambiguously conclude that plaintiff is not an insured — named or otherwise — under the policy. Appellant supports its position with various Ohio cases upholding the denial of coverage to a relative who does not reside with the insured.
 {¶ 10} In Rock v. Michigan Mutual Ins. Co., Cuyahoga App. No. 80742, 2002-Ohio-5074, we held that a spouse was not an insured because, at the time of the accident, she was separated from her husband and did not live in the same house. In *Page 6 Saleen v. Aetna Cas. and Surety Co. (Jan. 20, 1977), Cuyahoga App. No. 35418, we held that the minor children of the insured were not covered under the policy when they lived with the insured's ex-wife in a separate house. Additionally, in Carter v. Nationwide Ins. Co. (Feb. 14, 1991), Cuyahoga App. No. 59994, we held that "resident of the same household" is not ambiguous, as it is defined as "[t]hose who dwell under the same roof and compose a family" (citing Black's Law Dictionary (4th Ed. 1968)).
 {¶ 11} The Sixth District Court of Appeals of Ohio considered facts almost directly on point with the facts of the case at hand. InVanvlerah v. Doughty, Huron App. No. H-04-044, 2005-Ohio-3601, Devin McGinn filed suit claiming uninsured motorists coverage under his grandfather James McGinn's insurance policy. Devin McGinn's father, Timothy McGinn, was listed as an additional driver on the declarations page of the policy, and Devin argued that his father was an additional insured, thus extending uninsured motorists coverage to Devin. In rejecting Devin's argument, the court found the following:
 "This court has reviewed the disputed policy language. The sole named insured is James McGinn. His son, Timothy McGinn, is listed as an authorized driver of the insured vehicle. In the definitions portion of the policy, the language expressly states that a resident spouse of the name insured is also covered by the policy. The policy also extends coverage to family members of the named insured. Family members are defined as those related by blood, marriage, or adoption who reside in the same household as the named insured. Timothy and Devin McGinn did not reside with the named insured. No resident spouse was involved in the accident. The covered vehicle was not involved in the accident. The *Page 7 express language of the policy makes clear it does not encompass Timothy or Devin McGinn. It provides no underinsured coverage for this accident. Part C of the policy, the underinsured coverage provisions, specifically establishes that an `insured' is the named insured, a family member of the named insured, or anyone occupying the covered automobile. Thus, the plain language of the agreement unequivocally excludes coverage in this case." Id.
 {¶ 12} In the instant case, plaintiff is not a named insured, nor is she an insured by virtue of being a "relative" as defined by the policy. Furthermore, plaintiff is not an insured merely by being listed as an additional driver on the policy. Accordingly, we find that the trial court erred in declaring that plaintiff is entitled to coverage under the policy as a matter of law, and appellant's assignment of error is sustained.
 {¶ 13} Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1